IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK T. ADDLESPURGER, an individual, DENISE L. PALMER, an individual, and ENGINEERING DYNAMICS, INC., a Pennsylvania Corporation,<br>　　　　Plaintiffs, | )<br>)<br>)<br>)<br>)<br>) | |
| vs | ) | Civil Action No. 07-466 |
| | ) | |
| COMPAQ COMPUTER CORPORATION, a Delaware Corporation, HEWLETT-PACKARD COMPANY, a Delaware Corporation, and COMPUSA, INC., a Delaware Corporation,<br>　　　　Defendants, | )<br>)<br>)<br>)<br>)<br>) | |
| vs | ) | |
| | ) | |
| SONY CORPORATION, a foreign corporation,<br>　　　　Additional Defendant, | )<br>)<br>) | |
| vs | ) | |
| | ) | |
| E-ONE MOLI ENERGY (CANADA) LTD., a foreign corporation,<br>　　　　Additional Defendant.<br>_____ | )<br>)<br>)<br>) | |
| MOTORIST INSURANCE COMPANIES, as Subrogee of MARK T. ADDLESPURGER and DENISE L. PALMER,<br>　　　　Plaintiffs, | )<br>)<br>)<br>)<br>) | |
| vs | ) | |
| | ) | |
| COMPAQ COMPUTER CORPORATION,<br>　　　　Defendant, | )<br>)<br>) | |
| vs | ) | |
| | ) | |
| SONY CORPORATION, a foreign corporation and COMPUSA, INC., a Delaware Corporation,<br>　　　　Additional Defendants, | )<br>)<br>)<br>) | |
| vs | ) | |
| | ) | |
| E-ONE MOLI ENERGY (CANADA) LTD., a foreign corporation,<br>　　　　Additional Defendant. | )<br>)<br>) | |

REPORT AND RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the motion to remand this case to the Court of Common Pleas of Allegheny County, PA filed by defendant Compaq Computer Corporation (Document No. 5) be granted.

II. Report:

Presently before the Court is a motion to remand this action filed by defendant Compaq Computer Corporation ("Compaq"). For reasons discussed below, Compaq's motion to remand should be granted.

On March 8, 2004, plaintiffs Mark T. Addlespurger, Denise Palmer, and Engineering Dynamics, Inc., initiated this action in the Court of Common Pleas of Allegheny County, PA by filing a Praecipe for Writ of Summons against defendants Compaq, Hewlett-Packard Company, and COMPUSA, Inc. at GD 04-005065. On July 22, 2004, the plaintiffs filed a complaint against the defendants in the aforesaid matter.

On March 5, 2004, plaintiff Motorist Insurance Companies ("Motorist"), as Subrogee of Mark T. Addlespurger and Denise Palmer, initiated its own action in the Court of Common Pleas by filing a Praecipe for Writ of Summons against Compaq at GD 04-004880. On February 7, 2005, the above actions were consolidated at GD 04-005065. On or about November 10, 2005, Motorist filed its complaint against Compaq. The complaints in the consolidated action set forth claims under theories of negligence, strict liability and breach of warranty arising from a fire at the Addlespurger/Palmer residence on or about March 8, 2002, the source of which is said to have been a Compaq laptop computer.

On January 2, 2007, the Court of Common Pleas granted Compaq leave to join E-One Moli Energy (Canada) Ltd. ("E-One") as an additional defendant; E-One is said to have manufactured a battery pack contained in the laptop computer at issue. On March 13, 2007, Compaq joined E-One as an additional defendant.

On April 6, 2007, E-One filed a timely notice of removal to this Court pursuant to 28 U.S.C. § 1441. Significantly, Compaq did not consent to the removal of this case. Thus, on April 13, 2007, Compaq filed a timely motion to remand pursuant to 28 U.S.C. § 1447(c). In support of remand, Compaq argues that it did not consent to E-One's removal petition, such that its notice of removal is defective. We agree.

It is provided in 28 U.S.C. § 1446(a) that "[a] defendant or defendants desiring to remove any civil action ... shall file ... a notice of removal". In construing the above phrase, the Third Circuit Court of Appeals has stated: "[d]espite the ambiguity of the term 'defendant or defendants', it is well established that removal generally requires unanimity among the defendants" (the "unanimity rule"). Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995), citing e.g., Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 247 (1900), and Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition"). Accord, Carter v. Ingersoll-Rand, 2001 WL 238540, *1 (E.D.Pa., Mar. 12, 2001). Also see, Evanston Ins. Co. v. Cozen O'Connor, P.C., 2007 WL 869614, *1 (D.N.J., Mar. 20, 2007) ("Ordinarily, all of the defendants in the state court action must consent to the removal and the notice of removal must be signed by all of the defendants", quoting 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3731 (3d ed. 1998)).

There are exceptions to the unanimity rule, but no such exception is applicable here.[1]  Absent an exception to the unanimity rule, the failure of all defendants to join in a removal petition is a "defect in [the] removal procedure".  Balazik, 44 F.3d at 213 (citing cases).

In opposing Compaq's motion to remand, E-One argues that as an additional/third party defendant, it need not comply with the unanimity rule before filing its notice of removal, as that would require it to obtain the consent of Compaq, the party which joined it in this case.  It is telling that E-One fails to cite any case which supports its argument that the unanimity rule is inapplicable to a third party defendant.  That is because the unanimity rule contains no exception which relates to a defendant's status as a third party defendant or a third party plaintiff.  Rather, as our Court of Appeals has stated: "[d]espite the ambiguity of the term 'defendant or defendants', it is well established that removal generally requires unanimity among the defendants."  Balazik, 44 F.3d at 213.

"[T]he rule of unanimity advances the congressional purpose of giving deference to a plaintiff's choice of state forum and of resolving doubts against removal in favor of remand." Chrustowski v. Cumberland Cty Guidance Center, 2006 WL 3780555, *1 (D.N.J., Dec. 20, 2006). Certainly, the "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992).

Here, Compaq has not consented to the removal of this case, and it avers that no other defendant has consented to its removal either.  Since there is no unanimity in E-One's

---

1. Our Court of Appeals has explained that the unanimity rule may be disregarded in cases where: (1) a non-joining defendant is an unknown or nominal party; (2) where a defendant has been fraudulently joined; or (3) when a non-resident defendant has not been served at the time the removing defendants filed their petition.  Balazik, supra, 44 F.3d at 213, n.4.  E-One, the lone party opposing Compaq's motion to remand, does not argue that any of these exceptions apply.

removal petition, the removal procedure is defective. See, Balazik, 44 F.3d at 213.

Therefore, it is recommended that Compaq's motion to remand this case to the Court of Common Pleas of Allegheny County, PA be granted.[2]

Within thirteen (13) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                Respectfully submitted,

                s/ ROBERT C. MITCHELL
                United States Magistrate Judge

Dated: May 24, 2007

---

2. Due to our finding that E-One's notice of removal is defective, such that remand is warranted, we do not rule on Compaq's alternate argument that E-One is prohibited from removing this case because it is an additional/third party defendant, not an original defendant. With respect to this issue, we note that the Third Circuit Court of Appeals has not ruled on the matter, and other Courts of Appeals are divided on the question. See, Roxbury Condominium v. Anthony S. Cupo Agency, 316 F.3d 224, 228 (3d Cir. 2003); also see, FirstBank Puerto Rico v. Gittens, 466 F.Supp.2d 614, 617-18 (D.C.Virgin Islands 2006). In First Bank, supra, the Court noted that "the majority of the Courts of Appeals that have ruled on this issue have held that third-party defendants may not remove a case to federal court". Id. (citing cases). The First Bank Court also observed that "the more recent decisions from district courts in this Circuit appear to follow the majority rule that a third-party defendant may not remove." 466 F.Supp.2d at 619, citing Monmouth-Ocean Collection Serv., Inc. v. Klor, 46 F.Supp.2d. 385, 388 (D.N.J. 1999), and Sterling Homes, Inc. v. Swope, 816 F.Supp. 319, 327 (M.D.Pa. 1993). In First Bank, the Court joined the majority rule, holding that only original defendants could remove an action to federal court under 28 U.S.C. § 1441(a). 466 F.Supp.2d at 621.